***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At such time, an employment relationship existed between Plaintiff and Employer-Defendant.
3. Key Risk Insurance Company was the carrier on the risk for Employer-Defendant.
4. That the Plaintiff sustained a compensable injury by accident to her lower back on April 23, 2007. Said injury was accepted by the Defendants.
5. Plaintiff's average weekly wage was $170.00, which yields a compensation rate of $113.33 per week.
6. Plaintiff received temporary total disability benefits through June 19, 2007.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On or about April 23, 2007, Plaintiff suffered an injury to her lower back, which arose in the course and scope of her employment. Plaintiff initially treated on April 24, 2007 at Shelby Walk-in Clinic and noted that she injured her back while mopping a floor at her job. Plaintiff was diagnosed with a low back strain and removed from work until she could return for a follow-up appointment. Plaintiff returned on May 1, 2007, and was referred for an MRI because of pain in her right leg as well as her low back. She was again written out of work until her next appointment which was May 8, 2007. On May 8, 2007, plaintiff was again written out of work.
2. Plaintiff had an MRI of her lumbar spine performed on May 9, 2007, which showed degenerative disc disease and osteoarthritis, but no impingement on any nerve roots. When she was seen on May 15, 2007, Plaintiff reported no real improvement and some muscle *Page 3 
spasms in her low back. She continued to be removed from all work. Plaintiff was referred to physical therapy and underwent a course of physical therapy at Cleveland Physical Therapy Associates. On June 12, 2007, Plaintiff was referred for an orthopaedic consultation.
3. Plaintiff was seen by Dr. Craig Brigham on June 22, 2007 at OrthoCarolina. Dr. Brigham diagnosed Plaintiff with a lumbar strain with some referred right leg symptoms. Based upon his review of the MRI and x-rays, he did not see evidence of acute injury, significant spondylolisthesis or disk degeneration. Dr. Brigham advised Plaintiff that she should resume normal activities, and released her to return to work without any restrictions. He also placed her at maximum medical improvement (MMI) with a 0% permanent partial impairment rating to her back. Plaintiff asked for additional treatment and a return appointment was requested with Dr. Brigham, but he declined to see Plaintiff again because of her previous release without restrictions.
4. After this full duty release, Plaintiff sought treatment on her own at Cleco Primary Care Network, was written out of work, and was referred for epidural steroid injections. Plaintiff was written out of work by Cleco Primary Care Network from July 13, 2007 through November 5, 2007 Thereafter, Plaintiff sought treatment at Cleveland Regional Medical Center's emergency room on August 28, 2007, with complaints of low back pain radiating into her right leg. She was referred for another orthopaedic evaluation and removed from work. A second MRI was performed on September 4, 2007 showing a possible herniation at L2-3 without any impingement on nerve roots, along with two disc bulges which were clinically insignificant.
5. After receiving approval for the same from the Industrial Commission, Plaintiff sought a second opinion with Dr. Alfred Giessele at Carolina Orthopaedic Specialists on January 11, 2008. Plaintiff reported she had attempted to return to work, but felt the pain was increased *Page 4 
at her job. Dr. Giessele recommended possible diskograms and epidural steroid injections and continued to remove her from work. Dr. Giessele was approved only for a second opinion and for some treatment until a new authorized treating physician could be identified and scheduled for continued ongoing care of Plaintiff. Plaintiff was then seen by Dr. Giessele's colleague, Dr. Mark Tiffany, for epidural steroid injections and pain management. Plaintiff received lumbar epidural steroid injections on February 21, March 13, and March 31, 2008.
6. On April 15, 2008, Dr. Giessele continued to recommend a non-surgical approach to treating Plaintiff and released her to return to work light duty with restrictions of minimizing bending and twisting, and no lifting over 10 pounds, with frequent position changes, beginning with 4 hour days increasing to 6 hour days over two weeks. At this time, some facet injections were also recommended. After the series of injections, Plaintiff reported a decrease in pain, including resolution of her right leg pain and a decrease in her back pain.
7. Defendants were able to find another physician willing to treat Plaintiff as her authorized treating physician, and, therefore, arranged for her to be seen by Dr. Jeffrey Knapp on June 11, 2008. Dr. Knapp diagnosed Plaintiff with degenerative disc disease, lumbar spine with mechanical back pain. Based on his review of Plaintiff's medical records and his office examination, he opined that Plaintiff could return to work within the restrictions given by Dr. Giessele and that she should be able to return to full duty work in a short period of time. No surgical intervention was recommended and he disagreed with the recommendations for additional epidural steroid injections and facet injections. Dr. Knapp also stated he would assume treatment as the authorized treating physician, if further treatment was ordered by the Industrial Commission. *Page 5 
8. Since April 15, 2008, Plaintiff has been released to return to work with light duty restrictions by Drs. Giessele and Knapp, and to full duty by Dr. Brigham. A job had been offered to Plaintiff that would accommodate the light duty restrictions. This description was presented to all physicians during their depositions and was approved as appropriate by Drs. Knapp and Giessele. Dr. Tiffany refused to give any opinion on disability. Dr. Brigham was not questioned about the appropriateness of the position since he released Plaintiff without restrictions.
9. On March 17, 2009 Defendants made Plaintiff an offer of employment in a light duty position as a child nutrition assistant, which was within Plaintiff's restrictions. Plaintiff was advised to report to employment in this position on March 30, 2009. Plaintiff did return to work for Employer-Defendant on March 30, 2009.
10. Based upon the greater weight of the credible evidence, the Full Commission finds that Plaintiff was temporarily totally disabled from April 24, 2007 through June 22, 2007, July 13, 2007 through August 7, 2007, August 12, 2007 through November 2, 2007, and January 11, 2008 through March 29, 2009.
11. The Full Commission finds that this claim was not defended without reasonable grounds.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has proven by the greater weight of the evidence that she is entitled to temporary totally disability April 24, 2007 through June 22, 2007, July 13, 2007 through August *Page 6 
7, 2007, August 12, 2007 through November 2, 2007, and January 11, 2008 through March 29, 2009. N.C. Gen. Stat. § 97-29.
2. Defendants are liable for all of the medical treatment provided to Plaintiff as a result of her admitted compensable injury of April 23, 2007. This includes treatment previously provided by Dr. Geissele and Dr. Tiffany. It does not include further facet injections recommended by Dr. Tiffany. N.C. Gen. Stat. § 97-25.
3. Plaintiff is not entitled to attorney fees under N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned makes the following:
 AWARD
1. The Defendants are to pay to Plaintiff temporary total disability compensation at the rate of $113.33 per week from April 24, 2007 through June 22, 2007, July 13, 2007 through August 7, 2007, August 12, 2007 through November 2, 2007, and January 11, 2008 through March 29, 2009. Said amount shall be paid to Plaintiff in a lump sum, less 25% which shall be deducted and paid to Plaintiff's counsel as approved attorney fees.
2. Defendants shall continue to provide for all treatment required to effect a cure, give relief, or tends to lessen Plaintiff's period of disability as recommended by Dr. Knapp.
3. Dr. Jeffrey Knapp remains as the authorized treating physician.
4. Plaintiff's claim for sanctions pursuant to N.C. Gen. Stat. § 97-88.1 is denied.
5. Defendants shall pay the costs which include an expert witness fee of $550.00 to Dr. Alfred Geissele, $450.00 to Dr. Mark Tiffany, and $250.00 to Teresa Griffin, if not already paid by prior order. *Page 7 
This the 11th day of December 2009.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER